IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )
    v.                      )    CRIMINAL ACTION NO.
                            )       2:10cr142-MHT
                            )           (WO)
DEANDREW CORTEZ DAVIS       )
```

## OPINION AND ORDER

This cause is before the court on the government's motion for the court to reconsider its denial of defendant Deandrew Cortez Davis's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for December 6, 2010, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

2

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Davis in a speedy trial.  The parties have represented that they are actively involved in plea negotiations.  These negotiations involve the proffer of information to the government by Davis.  Government counsel further represents that a family member's critical injury and subsequent treatment have complicated the government's ability to finalize a proffer agreement.  A continuance is therefore warranted to enable counsel to pursue plea negotiations.

Accordingly, it is ORDERED as follows:

(1) The government's motion to reconsider (doc. no. 22) is granted.

(2) This court's order (doc. no. 21) is vacated.

(3) Defendant Deandrew Cortez Davis's motion to continue trial (doc. no. 20) is granted.

(4) The jury selection and trial of defendant Davis now set for December 6, 2010, are reset for January 10,

2011, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 2nd day of December, 2010.

                                      /s/ Myron H. Thompson
                                     **UNITED STATES DISTRICT JUDGE**