IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )
    v.                      )    CRIMINAL ACTION NO.
                            )       2:10cr142-MHT
                            )          (WO)
DEANDREW CORTEZ DAVIS       )
```

### OPINION AND ORDER

This cause is before the court on defendant Deandrew Cortez Davis's motion, orally made in open court on April, 18, 2011, to continue his trial until September 2011.  The government has joined Davis's motion.  For the reasons set forth below, the court finds that jury selection and trial should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

2

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Davis in a speedy trial. Davis withdrew his guilty plea due to a mutual misunderstanding on his and the government's part as to what his sentence would be under the plea agreement. Davis and the government have represented that they need additional time to negotiate a new plea agreement and then prepare for trial if no new plea is reached. A continuance provides the parties the time to renegotiate a plea or to prepare for trial if the negotiations fail.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendant Deandrew Cortez Davis's motion, orally made in open court on April, 18, 2011, to continue his trial until September 2011 is granted.

(2) The jury selection and trial of defendant Davis are reset for September 19, 2011, at 10:00 a.m.,

in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 19th day of April, 2011.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE